# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE SANZ-CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-723-D |
| ) | |
| OKLAHOMA COUNTY ) | |
| DISTRICT COURT, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1).[2] United States Chief District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 8). The undersigned recommends that the petition be **DISMISSED** without prejudice to the re-filing.

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

I.  **Discussion**

Petitioner filed this action on May 28, 2024, in the United States District Court for the Eastern District of Oklahoma ("the Eastern District Court"). (Doc. 1, at 16; *id.* at Ex. 1). The Eastern District Court construed the Petition as a habeas petition under 28 U.S.C. § 2241 since Petitioner was challenging his pretrial detention. (Doc. 5, at 1). The Eastern District Court transferred the action to this Court since a § 2241 petition must be filed in the judicial district where the petitioner is confined, and Petitioner is confined in Cleveland County, which is in the Western District of Oklahoma. (*Id.* at 1) (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000)).

Though Petitioner filed a statement of institutional accounts (Doc. 4), Petitioner failed to file an *in forma pauperis* motion or, alternatively, to pay the $5.00 filing fee. On July 22, 2024, the undersigned ordered Petitioner to cure this deficiency on or before August 12, 2024. (Doc. 9, at 2). Petitioner was warned that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*) A review of the court file indicates that as of this date, Petitioner has failed to provide the court an application to proceed *in forma pauperis* or to pay the filing fee, as ordered. Furthermore, he has failed to show good cause for his failure to do so, or to request an extension of time to comply with the court's order. The court's records reflect that mail addressed to Plaintiff was returned as undeliverable on Junely 26, 2024, (Doc. 10), and August 29, 2024, (Doc. 11), marked "return to sender; not deliverable as addressed; unable to forward." Plaintiff is responsible for notifying the court of any change of address, *see* LCvR 5.4(a), and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." *Id*.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order." *See also Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (recognizing court's authority to dismiss actions *sua sponte* under Rule 41(b)). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures). Failure to comply with court orders leaves the court unable "to achieve orderly and expeditious" resolutions to the actions before it. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative); *see also Rogers v. Ganja*, 47 F. App'x 900, 901 (10th Cir. 2002) ("Since [Plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice.").

Therefore, in light of the court's right and responsibility to manage its cases, the undersigned finds that Petitioner's failure to comply with the court's order warrants dismissal of this action without prejudice. As outlined above, the court has provided Petitioner sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II.  Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that this action be **DISMISSED** without prejudice to the re-filing for Petitioner's failure to comply with the court's order. **Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 20, 2024,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 30th day of August, 2024.

*/s/ Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE